STATE of Maine,

v.

**Robert D. SPICKLER.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 18, 1994.

Decided Feb. 23, 1994.

Michael E. Carpenter, Atty. Gen., Peter J. Brann, Charles K. Leadbetter, Asst. Attys. Gen., Augusta, for state.

Robert D. Spickler, pro se.

Before ROBERTS, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

ROBERTS, Justice.

Robert D. Spickler appeals from a judgment of the Superior Court (Cumberland County, *Lipez, J.*) summarily convicting him of criminal contempt pursuant to M.R.Crim.P. 42(a) and imposing a fine. Spickler contends that he was provoked by his opponent, that he was treated unfairly by the court, and that he was denied a trial by jury. Finding neither error nor abuse of discretion, we affirm the judgment.

■ On the second day of a civil trial, but out of the jury's presence, Spickler, as a *pro se* plaintiff, threatened the defendant's attorney with unspecified consequences. After conducting an appropriate inquiry about the incident, the trial court denied the defendant's motion for a mistrial and properly warned Spickler in the following words:

> [Y]ou have no right to engage in confrontational or bullying tactics to express your displeasure and if you do it again, a severe sanction will be imposed.

On the third day of trial, Spickler objected to the defendant's closing argument. At a sidebar conference, Spickler claimed the defense had misstated some of the evidence and the court agreed to take a brief recess to allow the court reporter to review his notes. Whereupon, Spickler turned to defense counsel and called him "a phony bastard." Although the comment was not addressed to the court, it was uttered in the court's presence and constituted a direct violation of the court's order to refrain from confrontational tactics.

At the summary hearing, the court stated that Spickler's conduct generally had been good except for "these two inexcusable lapses." The court found that Spickler engaged in conduct that was contemptuous of the court's order, that his conduct occurred in the court's presence, and that it was disruptive. Spickler in turn acknowledged that he had violated the court's order but argued that he had been provoked by the conduct of the defense counsel.

■ We do not accept Spickler's contention that defense counsel's provocation could

justify his disruptive conduct. The remedies of appeal or complaint to the Board of Overseers of the Bar offer adequate protection to litigants, *pro se* or otherwise. We find nothing in the record to suggest that the trial court was other than patient, courteous, and fair to Spickler. Finally, Spickler is not entitled to a jury trial under either the state or the federal constitution. *See Alexander v. Sharpe,* 245 A.2d 279, 284–85 (Me.1968).

The entry is:

Judgment affirmed.

All concurring.